{¶ 168} I concur with the majority's analysis and disposition of appellant's first through sixth, ninth, tenth, and twelfth through nineteenth claims for relief. However, while I concur with the majority's disposition of appellant's seventh, eighth and eleventh claims for relief, I disagree with the analysis. I also am writing separately with respect to appellant's fourteenth claim for relief.
 {¶ 169} Appellant, in his seventh claim for relief, argues that he received ineffective assistance of trial counsel since his trial counsel failed to obtain the funds for, and secure the administration of, a PET scan of appellant's brain to assess the traumatic brain injury that appellant suffered when he was sixteen.
 {¶ 170} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising or resurrecting issues in collateral review that could have been raised and fully litigated on direct appeal. State v. Reynolds (1997),79 Ohio St.3d 158, 161, 679 N.E.2d 1131; State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Where, however, an alleged constitutional error is supported by evidence that is dehors the record, res judicata will not bar the claim because it would have been impossible to fully litigate the claim on direct appeal.State v. Smith (1997), 125 Ohio App.3d 342, 348, 708 N.E.2d 739.
 {¶ 171} Appellant's seventh claim for relief would require evidence dehors the record. Specifically, such claim would require a valid and certified PET scan as well as an expert opinion to interpret the same and explain any anomalies. Thus, res judicata does not apply. However, I believe that appellant did not present sufficient documentation to the trial court with respect to appellant's seventh claim for relief to warrant a hearing or relief. For such reason, I concur with the majority's disposition of appellant's seventh claim for relief.
 {¶ 172} Similarly, with respect to appellant's eighth and eleventh claims for relief, I would find that such claims are not barred by the doctrine of res judicata since they depend on evidence dehors the record. Appellant's ineffective assistance of counsel claims based on his attorney's failure to hire cultural mitigation and substance abuse experts required the presentation of evidence outside the trial record. See State v. Jenkins, Miami App. No. 2003-CA-1, 2003-Ohio-4428. As noted by the court in Jenkins, review of such issues would require evidence regarding why trial counsel did not call such experts and what the experts would have told the jury. In short, it would be necessary for appellant to present evidence dehors the record to establish his claims. For such reason, I believe that appellant's eighth and eleventh claims for relief are not barred by the doctrine of res judicata.
 {¶ 173} However, with respect to both appellant's eighth and eleventh claims for relief, I would find that appellant failed to present sufficient evidence to the trial court that either a cultural mitigation expert or a substance abuse expert would have aided his case. For such reason, I concur with the majority's disposition.
 {¶ 174} Appellant, in his fourteenth claim for relief, generally challenges the imposition of appellant's death sentence as violating the United States Constitution and various international laws and treaties to which the United States is a signatory nation. As noted by the court inState v. Slagle (Aug. 10, 2000), Cuyahoga App. No. 76834, 2000 WL 1144947: "These systematic challenges to appellant's death sentence also do not depend on factual allegations or evidence dehors the record and are matters which could have been raised on direct appeal" Id. at 5. For such reason, I concur with the majority that appellant's fourteenth claim for relief is barred by the doctrine of res judicata.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed. Costs to appellant.